UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CORY ISAACS,

       Plaintiff,       **AMENDED
                     DECISION AND ORDER**
                     07-CV-257A
 v.

MICHAEL J. ASTRUE, COMMISSIONER
 OF SOCIAL SECURITY,

       Defendant.

---

  This case comes before the Court on a motion by plaintiff for an award of costs and attorney fees pursuant to the Equal Access to Judgment Act (the "EAJA"), 28 U.S.C. § 2412. Plaintiff asserts that costs and attorney fees under the EAJA are appropriate because the Commissioner did not complete the required assessment of plaintiff's medical conditions, and thus made decisions not supported by substantial evidence. In opposing the motion, the Commissioner asserts that enough evidence supports the denial of plaintiff's claim to justify defending that denial before this Court. The issue before this Court, therefore, is straightforward. The Court already has remanded the case for an application of the correct legal standard governing an analysis of plaintiff's severe impairment and vocational capacity. Can the Commissioner's litigation position in a Social Security disability case rest on legal errors that require

remand, and still be "substantially justified" under the EAJA? For the reasons that follow, the answer to that question is no, and plaintiff's motion will be granted.

## BACKGROUND

The Court will assume familiarity with the substantive details underlying plaintiff's claim. On April 16, 2007, plaintiff filed a complaint requesting a reversal or vacation of the Commissioner's denial of his claim for Social Security disability benefits. On December 15, 2008, Magistrate Judge Jeremiah J. McCarthy issued a Report and Recommendation that recommended vacating the Commissioner's denial and remanding the case for further proceedings. This Court adopted the Report and Recommendation through an Order dated March 2, 2009. In response to the Court's Order and the judgment that followed, plaintiff filed a motion for costs and attorney fees on March 25, 2009.

In arguing for costs and attorney fees, plaintiff emphasizes the legal errors committed by the Commissioner that required remand. These legal errors led to the failure to evaluate the severity of two of plaintiff's three medical conditions—agoraphobia and borderline intellectual functioning—and the failure to account for plaintiff's significant non-exertional limitations. According to plaintiff, there was no reason to commit these errors and no reason to defend a claim denial that, as a result, assessed only part of the record. Under these circumstances, plaintiff asserts, the Commissioner cannot justify his decision to litigate before this Court and Magistrate Judge McCarthy.

2

In opposition, the Commissioner asserts that the initial claim denial rested on substantial evidence. According to the Commissioner, the record contains reliable medical expert opinions confirming that plaintiff has enough vocational capacity to make disability benefits unnecessary. Although this Court did remand the case for further proceedings, plaintiff's concerns amount to a disagreement over what weight to assign to different parts of the record. Even if the ultimate outcome of plaintiff's claim changes, according to the Commissioner, a disagreement over the weighing of the evidence does not warrant awarding costs and attorney fees under the EAJA.

## DISCUSSION

### I. *EAJA Standard of Review*

"Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). The EAJA contains certain pleading requirements that plaintiffs must meet when applying for costs and attorney fees, *see id.* § 2412(d)(1)(B), but none of those requirements is in dispute. The issue in dispute is whether the Commissioner's litigation position before this Court and Magistrate Judge McCarthy was substantially justified. More specifically, because this Court remanded this case to correct legal errors that truncated the analysis of plaintiff's claim improperly,

3

the issue here is whether the Commissioner's decision to litigate in defense of the denial of plaintiff's claim can be substantially justified.

## II. *Substantial Justification*

Determining substantial justification requires an assessment of the Commissioner's litigation position before this Court and Magistrate Judge McCarthy. "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *Id.* The Commissioner must establish that he acted reasonably in reviewing the entire record and applying the correct legal standard to it. "The Government bears the burden of showing that its position was substantially justified, and to meet that burden, it must make a strong showing that its action was justified to a degree that could satisfy a reasonable person . . . . [I]t is well-established that the Government's prelitigation conduct or its litigation position could be sufficiently unreasonable by itself to render the entire Government position not substantially justified." *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (internal quotation marks and citations omitted).

Here, the Commissioner's failure to complete the mandatory sequential evaluation process before denying plaintiff's claim rules out the possibility of substantial justification. The sequential evaluation process requires a complete

analysis of any claims of severe impairments that are more than *de minimis* claims. The process also requires an assessment of vocational capacity that accounts for significant non-exertional limitations. As noted in Magistrate Judge McCarthy's Report and Recommendation, the Commissioner did not complete the sequential evaluation process as a result of legal errors. *Cf. Jackson v. Heckler*, 629 F. Supp. 398, 404 (S.D.N.Y. 1986) ("When the government is faced with an administrative record which contains errors of law and fact but persists in supporting the decision of the Agency and extends litigation for months until it changes position, the courts of this district have held that the Secretary's litigation position was not substantially justified.") (citations omitted). The legal errors are significant not only because they reflect an improper use of a mandatory process, but also because they cut the Commissioner's analysis short after only a partial assessment of the severity of only one of plaintiff's three medical conditions. The litigation that has occurred before this Court so far in this case resulted solely from those legal errors. Under these circumstances, the Commissioner's insistence on defending an incomplete analysis of the record cannot be substantially justified. *Cf. Smith by Smith v. Bowen*, 867 F.2d 731, 735 (2d Cir. 1989) ("In defending an agency decision, even a reasonable one, the Government should be discouraged from engaging in dilatory or otherwise unacceptable litigation tactics.").

*III.    Attorney Fees*

Having found no substantial justification of the Commissioner's litigation position, the Court must decide the amount of costs and attorney fees to be awarded under the EAJA. Upon completion of further proceedings consistent with Magistrate Judge McCarthy's Report and Recommendation, the Commissioner may yet take a position on the ultimate merits of plaintiff's claim that could be substantially justified without being tainted by his unjustified litigation prior to remand. For this reason, the normal rule awarding costs and attorney fees for all phases of litigation in a case does not apply at this point here. *See Trichilo v. Sec'y of Health & Human Servs.*, 832 F.2d 743, 745 (2d Cir. 1987) ("[A]s long as the government's underlying substantive position was not 'substantially justified,' the plaintiff is entitled to recover *all* reasonable attorney's fees incurred.") (citation omitted). Nonetheless, where as here the Court can separate unjustified segments of litigation from potential future segments whose justification is unknown, it may assess costs and attorney fees for the unjustified segments. *Cf. Bowen*, 867 F.2d at 735 ("If [the district court] found that the Government's position in any segment of the litigation was not substantially justified, it should have awarded fees for the time spent by [plaintiff's] counsel in successfully opposing the Government's position in that segment.").

For the litigation that occurred before this Court and Magistrate Judge McCarthy to date, plaintiff's computation of costs and attorney fees is reasonable.

6

"The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The current statutory cap of $125 per hour took effect in 1996, *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (citation omitted), and the Court may revise it upward to reflect inflation as determined by the Consumer Price Index. *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992) (citations omitted). Plaintiff here has provided documentation of an appropriate number of hours needed to litigate through the oral argument of the pending motion. In arguing to remand the case for further proceedings, plaintiff needed to review the record to determine all of the factual information ignored as a result of legal errors, to research the legal standards for remanding his case, to draft the papers related to the pending motion, and to appear for oral argument before this Court and Magistrate Judge McCarthy. The total number of hours that plaintiff has listed in his motion papers relates reasonably to those tasks. The hourly rates that plaintiff has cited reflect timely information from the Consumer Price Index. Additionally, the Court notes that many attorneys decline to take cases such as plaintiff's out of a lack of familiarity with the nuances of Social Security disability law. The Empire Justice Center is a law office that takes disability

cases regularly, has the expertise to litigate such cases, and indeed has represented plaintiff appropriately in the litigation before this Court and Magistrate Judge McCarthy. Under these circumstances, plaintiff has justified his request for a total amount of $12,676.60.

**CONCLUSION**

None of the litigation that occurred to remand this case would have been necessary had the Commissioner acknowledged the obligation to develop a full record. Plaintiff spent a reasonable amount of time and energy litigating to ensure that the ultimate outcome of the case will rest on an assessment of all potentially dispositive facts. For all of the above reasons, the Court hereby grants plaintiff's motion in its entirety. The Commissioner is hereby directed to pay plaintiff costs and attorney fees in the amount of $12,676.60 payable to the Empire Justice Center, pursuant to the assignment of the plaintiff dated March 4, 2008, within 30 days of the docketing of this Order.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: June 19, 2009